# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SALLIE KELLY,**<br>*Plaintiff* | §<br>§<br>§ | |
| **v.** | §<br>§ | **Case No. A-19-CV-983-LY** |
| **C. R. BARD, INC.,**<br>*Defendant* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before this Court are C. R. Bard, Inc.'s Motion to Dismiss for Insufficient Service of Process, filed on October 5, 2018 (Dkt. No. 17); C. R. Bard's Motion for Summary Judgment, filed on October 18, 2018 (Dkt. No. 23); and the various associated response and reply briefs.

On December 3, 2019, the District Court referred all pending and future discovery motions as well as all other non-dispositive motions in this case to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). The District Court also referred all pending and future dispositive motions to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. BACKGROUND

This product liability lawsuit is one of more than 100,000 lawsuits filed in several multidistrict litigation ("MDL") cases involving the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. The Judicial Panel on Multidistrict Litigation assigned many of these MDL cases to the Honorable Joseph R. Goodwin ("Judge Goodwin"), United States

District Judge for the U.S. District Court for the Southern District of West Virginia, Charleston Division. Dkt. No. 27.

The Plaintiff in this case, Sallie Kelly, alleges that she suffered serious injuries after she was implanted with a Pelvicol Acellular Collagen Matrix device on August 21, 2008, by Dr. Subir Chhikara at the Seton Medical Center in Austin, Texas. Plaintiff and her husband, Boyd Kelly,[1] originally filed this lawsuit on June 26, 2013 in the Southern District of West Virginia against American Medical Systems, Inc. ("AMS") and C. R. Bard, Inc. ("Bard"), alleging failure to warn, manufacturing defect, design defect, negligent inspection, marketing, packaging, selling, testing and training, breach of express warranty, breach of implied warranty of merchantability, and loss of consortium. *See In Re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation MDL No. 2325*, 2:13-CV-15909 (S.D. W. Va. June 26, 2013).

On December 8, 2017, AMS and Plaintiff notified Judge Goodwin that they had settled the case and filed a Joint Motion to Dismiss AMS from the lawsuit. Accordingly, on December 12, 2017, Judge Goodwin dismissed AMS from the case and transferred the case to the MDL against Bard (MDL 2187). Dkt. No. 7. On January 30, 2018, Judge Goodwin entered a scheduling order setting the discovery deadline for September 4, 2018, and dispositive motion deadline for September 21, 2018. Dkt. No. 8.

On April 10, 2018, Bard filed its first motion to dismiss for insufficient process, arguing that it had never been served with the lawsuit, in violation of Federal Rule of Civil Procedure 4(m). Dkt. No. 9. Although Plaintiff had filed her lawsuit five years earlier, Plaintiff claimed "excusable neglect" and alleged that her counsel "only recently discovered through correspondence from

---

[1] Boyd Kelly was terminated from the case after he passed away. *See* Dkt. No. 15.

Defendant after the service of the Fact Sheet that Defendant was not served with process." Dkt. No. 11 at p. 2.

In his Order addressing the motion to dismiss, Judge Goodwin explained that Bard had agreed to waive formal service of process in the case as provided in Pretrial Order No. 47 in the underlying MDL.[2] Dkt. No. 12 at p. 2. The "simple procedure" outlined in Pretrial Order No. 47 required plaintiffs to perfect service by sending the short form complaint, a request for waiver of service, and, if in their possession, a sticker page or medical record identifying the product at issue to three specific defense attorneys by email. Although Judge Goodwin found that Plaintiff had failed to effectuate service by the method described in Pretrial Order No. 47, he allowed Plaintiff "a final chance" to comply with the service of process. Dkt. No. 12 at p. 2. Accordingly, the Court denied the motion to dismiss without prejudice and ordered plaintiffs to perfect service on Bard by July 2, 2018.

On June 20, 2018, Plaintiff filed her First Amended Short Form Complaint ("Complaint"), which removed her deceased husband Boyd Kelly from the style of the case. *See* Dkt. No. 15. Plaintiff continued to assert the same product liability claims against Bard.

On October 5, 2018, Bard filed its second Motion to Dismiss for Insufficient Service of Process, arguing that Plaintiff failed to properly serve Bard by the July 2, 2018 deadline set by Judge Goodwin because she failed to follow the procedure outlined in Pretrial Order No. 47. In response, Plaintiff argues that she properly served the Complaint on Bard on June 20, 2018, when she emailed the Complaint and Plaintiff Profile to Lori Cohen and Michael Brown, who were listed as defense counsel for Bard in its original motion to dismiss.

---

[2] Pretrial Order No. 47 was issued in the underlying MDL, *In re: C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:10-md-2187 (S.D. W. Va. July 24, 2012), http://www.wvsd.uscourts.gov/MDL/2187/pdfs/PTO_47.pdf.

3

On October 18, 2018, Bard also filed a Motion for Summary Judgment arguing that all of Plaintiff's claims are time-barred, and alternatively that her claims fail on the merits.

Before ruling on either the Motion to Dismiss or the Motion for Summary Judgment, Judge Goodwin transferred this case to this Court on September 26, 2019, "[f]or the convenience of the parties and in order to promote the final resolution of [this case]," reasoning that the case would be concluded more expeditiously in the venue "from which [it] arise[s]." Dkt. No. 27. at p. 1. The parties previously notified Judge Goodwin that the proper venue for the case would be in the Western District of Texas. *Id.*

Since the case has been referred to the undersigned, this Court makes the following recommendations as to the pending motions.

## II. Legal Standards

### A. Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Federal Rule 4(m) permits dismissal of a suit if a plaintiff fails to serve a defendant within 90 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos.,* 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)).

4

### B. Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient

to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. ANALYSIS

### A. Bard's Motion to Dismiss for Insufficient Service of Process

Bard argues that Plaintiff failed to properly serve it by the July 2, 2018 deadline set in Judge Goodwin's May 2018 Order because she failed to follow the specific service procedure outlined in Pretrial Order No. 47. Bard contends that it has been prejudiced significantly by Plaintiff's failure to serve. While Plaintiff filed her lawsuit more than six years ago, no discovery has been conducted, no depositions have been taken, and all discovery and expert deadlines have passed.

In the May 2018 Order denying the motion to dismiss without prejudice, Judge Goodwin explained that "in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail 'the short form complaint and, if in their possession a sticker page or other medical record identifying the product(s) at issue in the case.'" Dkt. No. 12 at p. 2 (quoting Pretrial Order No. 47). "Thus, the court excused the plaintiffs from formally serving process on the defendants, if they completed this simple procedure." *Id.* While the May 2018 order did not restate the entire service procedure outlined in Pretrial Order No. 47, Judge Goodwin included a hyperlink to Pretrial Order No. 47, and the order clearly stated that Pretrial Order No. 47 "applies to 'each member related case previously transferred to, removed to, or filed in this district,' in addition to cases subsequently filed." *Id.* (quoting Pretrial Order No. 47). The service procedure outlined in Pretrial Order No. 47 provides in full:

> For such cases, plaintiffs shall send the short form complaint, a request for waiver of service pursuant to the provisions of Fed. R. Civ. P. 4, and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case *to Richard B. North, Jr. by email jointly to richard.north@nelsonmullins.com; maria.turner@nelsonmullins.com; and amanda.shelton@nelsonmullins.com.*

Pretrial Order #47 at ¶ 2 (emphasis added).

Although Judge Goodwin found that Plaintiff had failed to effectuate service by the methods described in Pretrial Order No. 47, "considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiffs a final chance to comply with service of process, subject to dismissal if they fail to so, is just." Dkt. No. 12 at p. 2. Accordingly, the Court denied the motion to dismiss without prejudice and ordered Plaintiff to "serve a completed Complaint and Plaintiff Profile Form on the defendant on or before July 2, 2018." *Id.* at p. 3. Judge Goodwin further warned Plaintiff that "[f]ailure to comply with this Order will result in dismissal upon motion by the defendant." *Id.*

Plaintiff contends that she properly complied with Judge Goodwin's May 2018 Order when, on June 20, 2018, she emailed the Complaint and Plaintiff Profile to Lori Cohen and Michael Brown, who were listed as defense counsel for Bard in its original Motion to Dismiss. Dkt. No. 19 at p. 2. However, Pretrial Order No. 47 specifically required Plaintiff to send her Complaint and request for waiver of service to "*Richard B. North, Jr. by email jointly* to richard.north@nelsonmullins.com; maria.turner@nelsonmullins.com; and amanda.shelton@nelsonmullins.com." Pretrial Order No. 47 at ¶ 2 (emphasis added). Plaintiff's service via email to two different attorneys "listed as counsel for Defendant in tis Motion to Dismiss" does not comply with Pretrial Order No. 47.

Plaintiff seems to argue that this Court should ignore Pretrial Order No. 47 altogether because Judge Goodwin's closing paragraph in his May 2018 Order only ordered Plaintiff to "serve a completed Complaint and Plaintiff Profile Form on the defendant on or before July 2, 2018." Dkt. No. 12 at p. 3. However, this closing statement cannot be construed in isolation. As clearly stated in the May 2018 Order, Judge Goodwin ruled that Plaintiff was required to follow the procedures outlined in Pretrial Order No. 47 to perfect service, and he specifically referenced and hyperlinked

7

Pretrial Order No. 47 in his May 2018 Order. As noted, Judge Goodwin permitted Plaintiff "a final chance" to perfect service and comply with the "simple procedure" outlined in Pretrial Order No. 47. *Id.* Plaintiff failed to properly serve Bard for the second time and has not presented good cause for her failure.

While the Court finds that Plaintiff has failed to properly serve Bard, the Court exercises its discretion by declining to recommend dismissal on this basis and proceeding to consider Bard's Motion for Summary Judgment.

**B. Bard's Motion for Summary Judgment**

Bard argues that it is entitled to summary judgment in this case because all of Plaintiff's claims are time-barred by Texas' two-year statute of limitations for tort claims. Alternatively, Bard argues that Plaintiff's claims fail for lack of evidence and lack of causation.

The parties agree that Texas law applies in this case, as does the two-year statute of limitations contained in section 16.003 of the Texas Civil Practice and Remedies Code. Under § 16.003(a), "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2005). "In general, a cause of action accrues and limitations begin running when a wrongful act causes a legal injury." *Jackson v. W. Telemarketing Corp. Outbound*, 245 F.3d 518, 523–24 (5th Cir. 2001). The discovery rule is an exception to that general rule. *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008). For the discovery rule to apply, "the nature of the injury must be inherently undiscoverable and that the injury itself must be objectively verifiable." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). When the discovery rule does apply, it "defer[s] accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *Id.*

8

Bard argues that Plaintiff's claims are barred by the two-year statute of limitations because Plaintiff filed her lawsuit on June 26, 2013, almost five years after she received her Pelvicol implant on August 21, 2008, when the statute of limitations began to run. Bard argues that the discovery rule does not apply in this case because there is no evidence in the record that the nature of Plaintiff's injuries was not discovered until after June 26, 2011. Accordingly, Bard argues that Plaintiff's claims are time-barred.

In response, Plaintiff cites *Hovey v. Cook, Inc.*, 97 F. Supp. 3d 836 (S.D. W. Va. 2015), in which the district court found that the discovery rule applied to the plaintiff's claims based on the summary judgment evidence produced by the plaintiff showing when she became aware of the nature of her injuries.[3] In this case, however, Plaintiff has failed to identify *any* evidence in the record to show that the nature of her injuries was not discoverable until after June 26, 2011. Plaintiff's conclusory statement in her brief that she "was not aware that a defect in Bard's mesh product was the cause of her injuries until *2015*"[4] is not enough to sustain her burden at the summary judgment stage.

As noted above, once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion for summary judgment must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner*, 476 F.3d at

---

[3] In fact, the only evidence that Plaintiff has attached to her Response to the Motion for Summary Judgment is an expert report that applies to all of the MDL cases, and does not address her case or injuries specifically. *See* Dkt. No. 26-1.

[4] Dkt. No. 26 at p. 4 (emphasis added). Plaintiff states that she was not aware of her injuries "until 2015," and that "her lawsuit was filed in November 2016." *Id.* Clearly, these dates are typographical errors as Plaintiff's lawsuit was filed on June 26, 2013. *See* Dkt. No. 1. Plaintiff also erroneously refers to Plaintiff as "Mrs. Herrera" when discussing the discovery rule. Dkt. No. 26 at p. 3.

343. The nonmoving party is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claim. *Adams*, 465 F.3d at 164. Plaintiff has failed to identify any evidence that would support her argument that the discovery rule applies in this case. Accordingly, Plaintiff has failed to show that her claims are not time-barred. Because Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to her case, summary judgment should be granted. *Celotex*, 477 U.S. at 322-23.

Having found that Plaintiff's claims are time-barred, the Court need not address Bard's alternative arguments for summary judgment.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant C. R. Bard Inc.'s Motion for Summary Judgment against Sallie Kelly (Dkt. No. 23). The Court **FURTHER RECOMMENDS** that the District Court **DIMISSS** Defendant C. R. Bard Inc.'s Motion to Dismiss for Insufficient Process (Dkt. No. 17) as **MOOT**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 9, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE